UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| JEROME W. BORDELON,<br><br>             Petitioner,<br><br>    v.<br><br>M. E. SPEARMAN, Warden,<br><br>             Respondent.<br>_____/ | No. C 14-2425 LB<br><br>**ORDER ON INITIAL REVIEW**<br><br>[Re: ECF Nos. 1, 2] |

### INTRODUCTION

Jerome W. Bordelon, an inmate at the Correctional Training Facility in Soledad, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to proceed before a magistrate judge. ECF No. 1 at 7. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

### BACKGROUND

The petition and attachments thereto provide the following information: Mr. Bordelon was convicted in Contra Costa County Superior Court of a sex offense and was found to have suffered prior serious felony convictions. On March 2, 2006, he was sentenced to a term of 30 years in

1 prison. Mr. Bordelon did not appeal. He did, however, file a petition for writ of habeas corpus in
2 the California Supreme Court on an unstated date that was denied on May 15, 2013.

3 Mr. Bordelon then filed this action. His federal habeas petition has a proof of service stating that
4 he mailed it to the court on May 14, 2014. *Id.* at 8. The petition came to the court in an envelope
5 with a May 16, 2014 postmark, was stamped "received" at the courthouse on May 21, 2014, and was
6 stamped "filed" at the courthouse on May 27, 2014. ECF No. 1-3 at 1; ECF No. 1 at 1.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Under Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, a district court may also order the respondent to file another motion or response where neither summary dismissal nor service is appropriate.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented the petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *See id.* § 2244(d)(2).

C 14-2425 LB
ORDER                2

1    The petition in this action was filed more than a year after the petitioner's conviction became
2 final, and may be untimely under the AEDPA's one-year limitation period.  This apparent procedural
3 problem should be addressed before the court reaches the merits of the claims raised in the petition.
4 If the petition is time-barred, the litigants and court need not expend resources addressing the claims
5 in the petition.  Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The
6 United States District Courts, respondent must either (1) move to dismiss the petition on the ground
7 that it is untimely, or (2) inform the court that respondent is of the opinion that a motion to dismiss is
8 unwarranted in this case.

## CONCLUSION

Good cause appearing therefor,

1.  The clerk shall serve a copy of this order, the petition, and the "consent or declination to magistrate judge jurisdiction" form upon respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

2.  Respondent must file with the court and serve upon petitioner, on or before **August 15, 2014**, a motion to dismiss the petition or a notice that respondent is of the opinion that a motion to dismiss is unwarranted.

3.  If petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the court and serving it upon respondent on or before **September 12, 2014**.

4.  Respondent may file and serve a reply on or before **September 26, 2014**.

5.  The motion will be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.  If respondent notifies the court that a motion to dismiss is unwarranted or the motion to dismiss is decided against respondent, the court will then determine whether to require an answer to the petition.

6.  Petitioner's *in forma pauperis* application is GRANTED.  ECF No. 2.

**IT IS SO ORDERED.**

Dated: June 12, 2014

_____
LAUREL BEELER
United States Magistrate Judge