IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEROME BORDELON,

        Petitioner,

   v.

M.E. SPEARMAN,

        Respondent.

No. C-14-2425 TEH (PR)

ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY

Docket No. 12

     Petitioner Jerome Bordelon, a state prisoner incarcerated at Correctional Training Facility, has filed a <u>pro se</u> Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction from Contra Costa County Superior Court asserting the claims of (1) ineffective assistance of counsel regarding his plea of no contest and (2) invalid use of a prior plea agreement from 1980 to enhance the sentence. Docket No. 1. Respondent has filed a motion to dismiss the petition as untimely under 28 U.S.C. § 2244(d). Petitioner filed an opposition and Respondent has filed a reply. For the reasons stated below, Respondent's motion to dismiss is GRANTED.

I

     Petitoner pleaded no contest on March 2, 2006, to two counts of child molestation, with two prior serious felony convictions, and one prior strike. Motion to Dismiss ("MTD") at 2. Petitioner was sentenced to thirty years in state prison. <u>Id</u>. Petitioner did not directly appeal and the time to do so expired on

May 16, 2006, sixty days after the judgment. See Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006) (because California prisoner did not appeal his conviction, process of direct review became final 60 days after conviction); Cal. Rule of Court 8.308(a).

On March 20, 2013, Petitioner filed a habeas petition in the California Supreme Court that was denied on May 15, 2013. MTD, Ex. B.[1] Petitioner filed the instant federal petition on May 14, 2014. Docket No. 1.

## II

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented the petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during

---

[1] The Court affords Petitioner application of the mailbox rule as to all his habeas filings. Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

2

which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. Id. § 2244(d)(2). The one-year period generally will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner concedes that he filed his federal petition beyond the one-year limitations period provided in § 2244 (d)(1)(A), but argues that his petition is timely under § 2244(d)(1)(C).

1

Under § 2244(d)(1)(C), the one-year limitation period starts on the date on which "the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In interpreting an analogous provision for federal prisoners seeking to file under § 2255, the Supreme Court has held that the one-year limitation period begins to run on the date on which the Court recognized the new right being asserted, not the date on which that right was made retroactive. See Dodd v. United States, 545 U.S. 353, 357 (2005).

Petitioner argues that he is entitled to a later start date of the statute of limitations due to the Supreme Court's decision in Missouri v. Frye, 132 S. Ct. 1399 (2012), and Lafler v. Cooper, 132 S. Ct. 1376 (2012), which he contends established a new constitutional rule. Frye and Lafler concerned defense counsel's failure to communicate to defendant a formal plea offer from the prosecution regarding a plea with favorable terms and conditions and

3

allowing that offer to lapse. Frye, at 1410; Lafler, at 1383. The Supreme Court found this constituted deficient performance. Id.

However, Petitioner's claims in this petition do not concern any failure by trial counsel to communicate a favorable plea offer, as was the situation in Frye and Lafler. Petitioner argues that trial counsel was ineffective for failing to limit sentencing enhancements regarding a 1980 case when negotiating his current plea deal.

Even assuming that Frye and Lafler were relevant to Petitioner's case, he would not be entitled to a later start date of the statute of limitations. This contention has been directly rejected by the Ninth Circuit. In Buenrostro v. United States, 697 F.3d 1137, 1140 (9th Cir. 2012), the Ninth Circuit held that neither Frye nor Lafler decided a new constitutional rule but rather applied the Sixth Amendment right to effective assistance of counsel according to the test articulated in Strickland v. Washington, 466 U.S. 668, 686 (1984), and extended it to the plea-bargaining context in Hill v. Lockhart, 474 U.S. 52 (1985). "Because the Court in Frye and Lafler repeatedly noted its application of an established rule to the underlying facts, these cases did not break new ground or impose a new obligation on the State or Federal Government." Buenrostro, 697 F.3d at 1140. Petitioner is not entitled to an alternate start date of the statute of limitations under § 2244(d)(1)(C).[2] Thus, absent equitable tolling, this petition is

---

[2] Even if Petitioner was entitled to a later start date, the instant federal petition is still untimely. Lafler and Frye were decided on March 21, 2012. Petitioner filed a petition with the California Supreme Court on March 20, 2013. The petition was denied

**4**

untimely.  As discussed below, equitable tolling does not apply.

**2**

Equitable tolling requires that the petitioner establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Bryant v. Arizona Atty. Gen., 499 F.3d 1056, 1061 (9th Cir. 2007) (citation omitted); Holland v. Florida, 560 U.S. 631, 648 (2010). The petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him.  Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).  The petitioner also must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances ma[de] it impossible to file a petition on time." Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (alteration in original) (internal quotation marks and citations omitted).  Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005).  He must, furthermore, show that his untimeliness was caused by an external impediment and not by his own lack of diligence.  Bryant, 499 F.3d at 1061 (no equitable tolling where petitioner was not diligent in that he failed to seek any state court relief for six years, or to take advantage of available paralegal assistance).

---

on May 15, 2013, but Petitioner did not file the instant federal petition until May 14, 2014.  Even if Petitioner had one year from the Supreme Court decisions, he was more than a year late.

5

Petitioner presents brief and conclusory statements that his petition should be found timely because he has little education and knowledge of the law and has been manic and depressive since 2006. But Petitioner's lack of legal sophistication and knowledge of the law is not an extraordinary circumstance to justify equitable tolling. See Stancle v. Clay, 692 F.3d 948, 952, 959 (9th Cir. 2012); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Under Ninth Circuit law, Petitioner must satisfy a two-part test to be eligible for equitable tolling for mental impairment. Bills v. Clark, 628 F.3d 1092, 1099-1100 (9th Cir. 2010). First, Petitioner

> must show his mental impairment was an "extraordinary circumstance" beyond his control, by demonstrating the impairment was so severe that either (a) petitioner was unable rationally or factually to personally understand the need to timely file, or (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing. Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

Id. (citations and emphasis omitted). If "petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period," an evidentiary hearing is appropriate to determine whether equitable tolling applies. Id. at 1100. However, an evidentiary hearing is not necessary "[w]here the record is amply developed, and where it indicates that petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition . . . notwithstanding a petitioner's allegations of mental incompetence." Roberts v. Marshall, 627 F.3d 768, 773

6

(9th Cir. 2010).

Petitioner provides no specific details on how his mental health issues caused his delay in filing the petition. He has failed to make a showing to warrant more than six years of tolling pursuant to Bills. Moreover, Respondent has included Petitioner's mental health records and other records, and a review of these exhibits does not demonstrate that Petitioner was unable to rationally understand the need to timely file this case or that his mental state rendered him unable personally to prepare a habeas petition and effectuate its filing. Petitioner is able to advocate on his behalf and on behalf of others using inmate appeals, petitions and writs, and he frequently visits the law library. Reply, Ex. 1 at 2, 36, 141, 183-84. Thus, equitable tolling is not warranted, and the petition is untimely by more than six years.[3]

### III

For the foregoing reasons, Respondent's motion to dismiss the petition is GRANTED. Docket No. 12. Further, a certificate of appealability will not issue because Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was

---

[3] Based on Petitioner's failure to plead specific facts concerning how his mental health issues caused his delay in filing the petition and after reviewing the mental health record provided by Respondent, an evidentiary hearing is not necessary. See Roberts, 627 F.3d at 773-73.

7

correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 478 (2000).

A separate judgment shall be entered in favor of Respondent. The Clerk is directed to terminate any pending motions as moot and close the file.

IT IS SO ORDERED.

DATED  *03/04/2015*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.14\Bordelon2425.mtd.wpd

8